# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BARBARA L. HILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-10-169-SPS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

The claimant Barbara L. Hill requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining that she was not disabled. As discussed below, the Commissioner's decision is REVERSED and the case is REMANDED to the ALJ for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work

which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity (RFC) to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

### Claimant's Background

The claimant was born on August 19, 1960, and was forty-eight years old at the time of the second administrative hearing (Tr. 87). She has a tenth grade education and a GED but no past relevant work (Tr. 271). The claimant alleges that she has been unable to work since April 29, 2004 because of pain in her lower back, shoulders, legs, and neck, numbness in her hands, depression, and anxiety (Tr. 345).

### Procedural History

The claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85, on April 13, 2004. Her applications were denied. At the first administrative hearing, the claimant amended her onset date to after her insurance expired, which disposed of the Title II application but not the Title XVI. ALJ Charles Headrick determined the claimant was not disabled in a written opinion on November 1, 2006, and the Appeals Council denied review, but this Court reversed the decision of the Commissioner in Case No. CIV-07-179-RAW-KEW and remanded the case for further proceedings. The ALJ held another administrative hearing on August 3, 2009, at which time the claimant's onset date was amended again, this time to April 29, 2004 (Tr. 531-32). The ALJ issued another written opinion finding

that the claimant was not disabled on October 19, 2009, and the Appeals Council denied review. The October 19, 2009 opinion by the ALJ is therefore the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had severe impairments of chronic low back pain, depression, and substance abuse in remission, but retained residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 416.967(b), limited to simple tasks with routine supervision and superficial contact with a small number of coworkers, supervisors, and the general public (Tr. 278). The ALJ concluded that although the claimant had no past relevant work, she was nevertheless not disabled because there was work she could perform in the national economy, *i. e.*, office cleaner, food preparer, assembly worker, and order clerk (Tr. 284).

### Review

The claimant contends that the ALJ erred: (i) by posing hypothetical questions to a vocational expert (VE) that did not accurately reflect her RFC; (ii) by failing to properly evaluate "other source" opinion evidence as to her mental limitations; and, (iii) by failing to properly analyze her credibility. The Court finds that the ALJ did fail to properly analyze the claimant's "other source" evidence, and the Commissioner's decision must therefore be reversed.

The claimant was evaluated by state consultative physician Dr. Denise LaGrand, Ph.D. on August 14, 2004. During the consultation, the claimant reported that she had

-4-

been treated for mental health issues and prescribed Trazadone while in prison (Tr. 134). The claimant stated that she had ongoing conflict with her family, did not like being in crowds, and described feeling nervous (Tr. 136).  Dr. LaGrand noted that claimant appeared "cooperative, pleasant and anxious" and the claimant described her symptoms related to her depression as including fluctuating moods, feelings of worthlessness and guilt, loss of interest in activities, and generalized anxiety (Tr. 136).  Dr. LaGrand ultimately determined that claimant suffered from major depression, mild and polysubstance abuse in remission and assigned to claimant a GAF of 55 (Tr. 138).

State reviewing physician Ron Smallwood, Ph.D. completed a PRT on September 11, 2004, and found that claimant suffered from affective disorder and substance abuse addiction disorder (Tr. 141).  Dr. Smallwood found that claimant's affective disorder was characterized by anhedonia or pervasive loss of interest in almost all activities, appetite disturbance, decreased energy, and feelings of worthlessness or guilt (Tr. 144).  Dr. Smallwood opined that claimant suffered from mild limitations in her activities of daily living and moderate limitations in maintaining social functioning and maintaining concentration, persistence, or pace (Tr. 151).  The results of Dr. Smallwood's Mental RFC Assessment reveal that claimant suffered from moderate limitations in her ability to understand and remember detailed instructions, ability to carry out detailed instructions, and ability to interact appropriately with the general public (Tr. 155-56).

The claimant submitted a Mental Residual Functional Capacity Assessment with an accompanying Mental Status Form, which was completed by her counselor at Green

Country Behavioral Health Services (GCBHS) Kathy Loehr, B.A. (Tr. 179-82). Ms. Loehr opined that claimant had moderate limitations in the following categories: (i) ability to maintain attention and concentration for extended periods; (ii) ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; (iii) ability to complete a normal work-day and work week without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; (iv) ability to interact appropriately with the general public; (v) ability to get along with coworkers or peers without distracting them or exhibiting behavior extremes; (vi) ability to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness; (vii) ability to travel in unfamiliar places or use public transportation; and (viii) ability to set realistic goals or make plans independently of others (Tr. 179-80). Ms. Loehr further opined that the claimant had marked limitations in her ability to work in coordination with or proximity to others without being distracted by them (Tr. 179).

      The ALJ gave little weight to Ms. Loehr's opinions about the severity of the claimant's mental impairments for the following reasons: (i) Ms. Loehr "apparently relied quite heavily on the subjective report of symptoms and limitations provided by the claimant, and seemed to uncritically accept as true most, if not all, of what the claimant reported, and (ii) "the medical residual functional capacity for which claimant relies on is submitted by a non-approved medical source" (Tr. 283). This analysis of Ms. Loehr's opinions was deficient for several reasons.

First, the ALJ's speculation that Ms. Loehr's opinions were the result of complete acceptance of and reliance on claimant's subjective complaints was inappropriate. *See Langley v. Barnhart*, 373 F.3d 1116, 1121 (10th Cir. 2004) ("The ALJ also improperly rejected Dr. Hjortsvang's opinion based upon his own speculative conclusion that the report was based only on claimant's subjective complaints and was 'an act of courtesy to a patient.' The ALJ had no legal nor evidentiary basis for either of these findings. Nothing in Dr. Hjortsvang's reports indicates he relied only on claimant's subjective complaints or that his report was merely an act of courtesy. 'In choosing to reject the treating physician's assessment, an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and *not due to his or her own credibility judgments, speculation or lay opinion*.'"), *quoting McGoffin v. Barnhart*, 288 F.3d 1248, 1252 (10th Cir. 2002). Second, in rejecting Ms. Loehr's opinion based in large part on that basis, the ALJ ignores that psychological opinions need not be based on objective findings. *Wise v. Barnhart*, 129 Fed. Appx. 443, 447 (10th Cir. 2005) ("[A] psychological opinion does not need to be based on 'tests;' those findings can be based on 'observed signs and symptoms.' Dr. Houston's observations of Ms. Wise do constitute specific medical findings.") [unpublished opinion], *citing Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004), *citing* 20 C.F.R. subpt. P, app. 1 § 12.00(B).

Furthermore, the fact that Ms. Loehr is a "non-approved medical source" does not alone provide the ALJ with reason to disapprove the opinion. The ALJ must still analyze

Ms. Loehr's opinion in accordance with the factors set out in 20 C.F.R. § 416.927(d) and Soc. Sec. Ruling 06-03p.  *See, e. g., Frantz v. Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007) (noting that SSR 06-03p "specifies that the factors for weighing the opinions of acceptable medical sources set out in 20 C.F.R. § 404.1527(d) and § 416.927(d) apply equally to all opinions from medical sources who are not 'acceptable medical sources' as well as from 'other sources' [and] instructs the adjudicator to explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion . . . allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.").  Those factors include: (i) the length of the treatment relationship and the frequency of examination; (ii) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (iii) the degree to which the physician's opinion is supported by relevant evidence; (iv) consistency between the opinion and the record as a whole; (v) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (vi) other factors brought to the ALJ's attention which tend to support or contradict the opinion.  *See Watkins v. Barnhart*, 350 F.3d 1297, 1300-01 (10th Cir. 2003), *citing Drapeau v. Massanari,* 255 F.3d 1211, 1213 (10th Cir. 2001).  The ALJ applied none of these factors in analyzing Ms. Loehr's opinion.

Because the ALJ failed to properly analyze "other source" evidence regarding the severity of the claimant's mental limitations, the decision of the Commissioner must be reversed and the case remanded to the ALJ for a proper analysis.  If such analysis results

in any changes to the claimant's RFC, the ALJ should re-determine what work she can perform, if any, and ultimately whether she is disabled.

## Conclusion

In summary, the Court finds that correct legal standards were not applied by the ALJ, and the decision of the Commissioner is therefore not supported by substantial evidence. The Commissioner's decision is accordingly hereby REVERSED, and the case is REMANDED for further proceedings consistent herewith.

**DATED** this 30th day of September, 2011.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma