# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

BARBARA L. HILL, )
 )
        Plaintiff, )
 )
v. ) Case No. CIV-10-169-SPS
 )
MICHAEL J. ASTRUE, )
Commissioner of the Social )
Security Administration, )
 )
        Defendant. )

## OPINION AND ORDER AWARDING
## ATTORNEY'S FEES UNDER 42 U.S.C. § 406(b)

The Plaintiff Barbara L. Hill appealed the Commissioner of the Social Security Administration's denial of benefits. Upon appeal by the Plaintiff, the Court reversed and remanded for further proceedings, which resulted in a disability determination and an award of $85,692.00 in past-due benefits. The Plaintiff now seeks an award of costs and attorney's fees pursuant to 42 U.S.C. § 406(b)(1). As set forth below, the Court finds that the Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) [Docket No. 25] should be granted and that the Plaintiff's counsel should be awarded $15,423.00 in costs and attorney's fees.

While Section 406(b) does not dictate a time period for requesting attorney's fees, the Tenth Circuit has held that "the best option . . . is for counsel to employ Federal Rule of Civil Procedure 60(b)(6) in seeking a § 406(b)(1) fee award." *McGraw v. Barnhart*, 450 F.3d 493, 504-505 (10th Cir. 2006). Thus, a motion for Section 406(b) fees must be filed within a reasonable time of receipt of the notice of award. Fed. R. Civ. P. 60(c)(1)

-1-

("A motion under Rule 60(b) must be made within a reasonable time[.]"). The notice of award in this case is dated December 3, 2012, but the Plaintiff's attorney apparently did not receive it until May 13, 2013. While the explanation for this delay is not entirely satisfactory,[1] the Court is reluctant to deprive the Plaintiff of her refund of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), as is discussed in more detail below. The Court therefore finds that the Plaintiff moved for attorneys' fees within a reasonable time and that his motion was therefore timely pursuant to Fed. R. Civ. P. 60. *See McGraw v. Barnhart*, 450 F.3d 493, 504-505 (10th Cir. 2006) ("Section 406(b) itself does not contain a time limit for fee requests. . . . We believe that the best option in these circumstances is for counsel to employ Federal Rule of Civil Procedure 60(b)(6) in seeking a § 406(b)(1) fee award.") [citations omitted]. *See also* Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time[.]").

"Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A). The 25% limitation does not include any

---

[1] As noted *supra*, 406(b) motions are to be filed "within a reasonable time" under Fed. R. Civ. P. 60(b)(6). Thus, 406(b) motions must be filed within a reasonable time of receiving notice from the SSA of the amount of any past-due benefits. However, the Court expects that counsel will undertake reasonable efforts to obtain any notice of that has been issued rather than simply wait some unreasonable length of time for it to arrive. Thus, when any delay between issuance of the notice of award and filing of a motion exceeds thirty days (which the Court deems presumptively reasonable), the Court requires explanation of the reasonable efforts made by counsel to obtain the notice of award.

fee awarded to the Plaintiff's agency representative by the Commissioner under 42 U.S.C. § 406(a). *See Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 937 (10th Cir. 2008) ("The Commissioner and court have the authority to independently determine the appropriate attorney fees. Each has separate standards to make this determination and is only limited as provided by statute. Based on the plain language and statutory structure found in § 406, the 25% limitation on fees for court representation found in § 406(b) is not itself limited by the amount of fees awarded by the Commissioner.") [internal citations omitted]. The Plaintiff was awarded $85,692.00 in past due benefits, so the fee request of $15,423.00 does not exceed 25% and the Court need only consider if this is reasonable given the work performed in this case. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) ("[W]e conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.").

Factors to consider in determining whether a requested fee is reasonable under *Gisbrecht* include the character of the representation and the results achieved, *id.* at 808, *citing McGuire v. Sullivan*, 873 F.2d 974, 983 (7th Cir. 1989) and *Lewis v. Secretary of Health & Human Services*, 707 F.2d 246, 249-50 (6th Cir. 1983) (reducing the fee for substandard work), whether counsel has caused delay, and whether the contingent fee is so large in comparison to the amount of time spent on the case that it results in a windfall to counsel. *Id.*, *citing Rodriguez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989) (noting fees are appropriately reduced when undue delay increases past-due benefits or when the

amount of the fee is unconscionable in light of the work performed). Contemporaneous billing records may be helpful in determining reasonableness. *Id.*, *citing Rodriguez*, 865 F.2d at 741. Based on these factors, the Court concludes that $15,423.00 is a reasonable amount of attorney's fees for the work done in this case.

First, the Plaintiff was competently represented herein; her appeal was successful, she obtained $4,993.50 in attorney's fees under the EAJA as the prevailing party, and she obtained a substantial award of past-due benefits on remand. Second, counsel caused no unnecessary delay in these proceedings. Third, the requested fee does not result in any windfall to the Plaintiff's attorney, who spent approximately 27.2 hours working on the Plaintiff's case before this Court. *See* Docket No. 25, Ex. 4. This equates to an hourly rate of approximately $567.02, which is not excessive where the fee was contingent and the risk of loss was more than negligible. The Court therefore concludes that the requested fee of $15,423.00 is reasonable within the guidelines set by *Gisbrecht*.

The Commissioner withheld $21,423.00 from the Plaintiff's past-due benefits. *See* Docket No. 25, Ex. 1. Consequently, the amount retained by the Commissioner should be sufficient to satisfy the $15,423.00 awarded by the Court pursuant to Section 406(b)(1). *See Wrenn*, 525 F.3d at 933 ("If the amount withheld by the Commissioner is insufficient to satisfy the amount of fees determined reasonable by the court, the attorney must look to the claimant, not the past-due benefits, to recover the difference."). Further, because the amount awarded herein exceeds the $4,993.50 in EAJA fees previously awarded by the Court, the Plaintiff's attorney must refund the latter amount to the Plaintiff. *See Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir. 1986).

Accordingly, Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) [Docket No. 25] is hereby GRANTED. The Court approves an award of attorney's fees in the amount of $15,423.00 to the Plaintiff's attorney pursuant to 42 U.S.C. § 406(b)(1). The Commissioner is hereby directed to pay the Plaintiff's attorney the balance of the past-due benefits in his possession. The Plaintiff's attorney shall thereupon refund to the Plaintiff the full amount previously awarded under the EAJA.

**IT IS SO ORDERED** this 2nd day of August, 2013.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma